IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SANDRA FLORES, § <br> § <br> Plaintiff § <br> § <br> v. § <br> § <br> SEAFORD BAGELS, INC., § <br> § <br> Defendant. § <br> § | Civil Action No.: 4:23-cv-01858 |

**DEFENDANT SEAFORD BAGELS, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(2)**

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, Defendant Seaford Bagels, Inc. ("Seaford"), hereby moves the Court to dismiss, with prejudice, all claims filed against Seaford by Plaintiff Sandra Flores because Plaintiff has failed to establish this Court can exercise personal jurisdiction over Seaford. In support of this Motion to Dismiss, Defendant incorporates the attached Brief in Support of Seaford's 12(b)(2) Motion to Dismiss and any attachments or exhibits thereto, all pleadings and papers on file, and such oral argument and other evidence as the Court shall consider prior to, or at the time of, the hearing on this Motion.

Respectfully submitted,

**FOX ROTHSCHILD LLP**

/s/ K. Patrick Babb
K. Patrick Babb
State Bar No. 24077060
Saint Ann Court
2501 N. Harwood, Suite 1800
Dallas, Texas 75201
972/991-0889
972/404-0516 Telecopier
pbabb@foxrothschild.com

i

Paul A. Rosenthal (*pro hac vice* forthcoming)
49 Market Street
Morristown, New Jersey 07960
973/992-4800
prosenthal@foxrothschild.com

*Attorneys for defendant, Seaford Bagels, Inc.*

ii

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ............................................................................................................... 1

II. THE PARTIES ................................................................................................................... 1

III. ISSUES ............................................................................................................................. 2

IV. LEGAL STANDARD ...................................................................................................... 2

V. ARGUMENT ..................................................................................................................... 2

    A.    Seaford is Not Subject to Personal Jurisdiction in Texas ........................................ 2

    B.    The Court Cannot Exercise General Jurisdiction Over Seaford ............................. 3

    C.    This Court Cannot Exercise Specific Personal Jurisdiction over Seaford .............. 4

VI. CONCLUSION ................................................................................................................. 7

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Associated Energy Grp., LLC v. Air Cargo German GMBH, et al.*,
   24 F. Supp. 3d 602 (S.D. Tex. 2014) ........................................................................................5

*Callier v. Wide Merchant Inv., Inc.*,
   --F. Supp. 3d--, 2023 WL 3167440 (W.D. Tex. Apr. 27, 2023) ................................................4

*Conn Appliances, Inc. v. Williams*,
   936 F.3d 345 (5th Cir. 2019) ......................................................................................................2

*Cunningham v. CBC Conglomerate*,
   359 F. Supp. 3d 471 (E.D. Tex. 2019) .......................................................................................6

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014) ...................................................................................................................3

*Goodyear Dunlop Tires Ops., S.A. v. Brown*,
   564 U.S. 915 (2011) ...................................................................................................................3

*Int'l Shoe Co. v Washington*,
   326 U.S. 310 (1945) ...................................................................................................................3

*InterMoor Inc. v. US Wind, Inc.*,
   435 F. Supp. 3d 754 (S.D. Tex. 2020) ....................................................................................2, 5

*Johnston v. Multidata Sys. Int'l Corp.*,
   523 F.3d 602 (5th Cir. 2008) ..................................................................................................3, 4

*Moncrief Oil Int'l v. OAO Gazprom*,
   481 F.3d 309 (5th Cir. 2014) ..................................................................................................4, 5

*World-Wide Volkswagen Corp. v. Woodson*,
   444 U.S. 286 (1980) ...................................................................................................................4

**Statutes**

42 U.S.C. § 227, *et seq.* ...................................................................................................................1, 5

**Other Authorities**

Fourteenth Amendment ........................................................................................................................2

Fed. R. Civ. P. 12(b)(2) ...............................................................................................................1, 2, 7

**BRIEF IN SUPPORT OF DEFENDANT SEAFORD BAGELS, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(2)**

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, Defendant Seaford Bagels, Inc. ("Seaford") hereby moves the Court to dismiss with prejudice all claims filed against it by Plaintiff Sandra Flores in this matter. Plaintiff has failed to establish this Court has personal jurisdiction over Seaford, thereby necessitating the dismissal of the entire action as a matter of law. In support of its Motion to Dismiss, Seaford states as follows:

## I. INTRODUCTION

Plaintiff seeks to hold Seaford liable under the Telephone Consumer Protection Act, 42 U.S.C. § 227, *et seq.* ("TCPA") for telemarketing text messages received by Plaintiff that she alleges were sent by Seaford. Without explanation or factual basis, Plaintiff asserts that the allegedly violative text messages from an entity named "New York Bagel King, Inc." originated from Seaford. That is false. Seaford did not send any text messages to Plaintiff, has no record of any communications with Plaintiff, and is not responsible for the conduct alleged in the Complaint. Plaintiff has sued the wrong entity. Further, Seaford has no connection to the State of Texas. Seaford is a New York corporation with a principal place of business in New York. Seaford has no employees in the State of Texas and derives no revenue from consumers in Texas. Without any connection to Texas, this Court cannot exercise personal jurisdiction over Seaford and thus Plaintiff's action must be dismissed.

## II. THE PARTIES

1.  Plaintiff alleges herself to be a natural citizen, who at all times relevant to this action, was a resident of Houston, Texas.

1

2. Seaford is a New York corporation with its principal place of business in Seaford, New York.

### III.
### ISSUES

3. The following issue is presented to the Court for determination: Whether this Court has personal jurisdiction over Seaford?

### IV.
### LEGAL STANDARD

4. Rule 12(b)(2) of the Federal Rules of Civil Procedure permits a defendant to dismiss a complaint based on lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2).

### V.
### ARGUMENT

A. **Seaford is Not Subject to Personal Jurisdiction in Texas**

5. This Court's exercise of personal jurisdiction over Seaford will violate due process because Seaford does not have the requisite minimum contacts with the State of Texas, and thus, maintaining the action in Texas will offend traditional notions of fair play and substantial justice. *See InterMoor Inc. v. US Wind, Inc.*, 435 F. Supp. 3d 754 (S.D. Tex. 2020) (Ellison, J.); *see also Conn Appliances, Inc. v. Williams*, 936 F.3d 345, 348 (5th Cir. 2019) (affirming dismissal for lack of personal jurisdiction and confirming that "a defendant does not have minimum contacts with a state when it does not have a physical presence in the state [and] it did not conduct business in the state").

6. Because Texas's long-arm statute mirrors the Due Process Clause, an analysis of personal jurisdiction need only examine whether "the exercise of personal jurisdiction comports

with the Due Process Clause of the Fourteenth Amendment." *InterMoor Inc.*, 435 F. Supp. 3d at 758.

7. A court may exercise either general or specific personal jurisdiction. *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919 (2011). General jurisdiction is appropriate where a defendant's "affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *Id.* (quoting *Int'l Shoe Co. v Washington*, 326 U.S. 310, 317 (1945)). Specific jurisdiction, on the other hand, only requires an "affiliation between the forum and the underlying controversy" and thus, personal jurisdiction reaches only as far as the instant suit. *Id.*

8. This Court does not have either general or specific personal jurisdiction over Seaford.

### B. The Court Cannot Exercise General Jurisdiction Over Seaford

9. Plaintiff does not, because she cannot, assert that the Court can exercise general jurisdiction over Seaford. The standard for general jurisdiction is considerably more stringent than the standard for specific jurisdiction. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 610 (5th Cir. 2008).

10. In most cases, a corporate defendant is subject to general jurisdiction only where it is considered "at home," which is where it is incorporated and where it has its principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).

11. Seaford is a New York corporation with its principal place of business in Seaford, New York. (Scannello Decl., Ex. 1, ¶¶ 3–4.) Therefore, Seaford is "at home" only in the State of New York.

3

12. Courts set a high threshold for arguments that a corporation might be subject to general jurisdiction in a state other than its home state; however, a court may evaluate a defendant's contact with a forum state, historically, for a reasonable number of years preceding the action. *Johnston*, 523 F.3d at 610. If an entity has such "continuous and systematic" contacts with the forum to render it essentially at home in the forum, those contacts will suffice to constitute general jurisdiction. *Callier v. Wide Merchant Inv., Inc.*, --F. Supp. 3d--, 2023 WL 3167440, at *3 (W.D. Tex. Apr. 27, 2023).

13. In *Callier*, the court dismissed the matter for lack of personal jurisdiction. *See generally id.* The court found it could not exercise general personal jurisdiction over the defendant because it was not "at home" in the forum, nor did the entity have any offices or employees in the state, pay Texas taxes, or have a registered agent for service of process in the state. *Id.* at *3.

14. Even examining Seaford's historical contacts with the State of Texas, general jurisdiction cannot be exercised over Seaford because it, like the defendant in *Callier*, lacks any continuous and systemic contacts with the state. Seaford does not have any employees who reside in or work from the State of Texas. (Scannello Decl. ¶ 5.) Nor does Seaford have a registered agent for service of process in the state, and/or derive a substantial amount of revenue and other benefits through sales to or in Texas. (Scannello Decl. ¶¶ 6–7.)

15. Accordingly, Seaford cannot be subject to general jurisdiction in the State of Texas.

    **C.**    **This Court Cannot Exercise Specific Personal Jurisdiction over Seaford**

16. Plaintiff cannot adequately plead that the forum can exercise specific personal jurisdiction over Seaford because Seaford has not "purposefully avail[ed] itself" of the benefits and protections of the state's laws through minimum contacts with the state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). A court has specific jurisdiction if the

defendant committed at least one act in the forum state and if there is a nexus between that act and the instant action. *See Moncrief Oil Int'l v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2014).

17. To establish specific jurisdiction, Plaintiff must carry her burden of illustrating that Seaford: (a) purposefully availed itself of the benefits and protections of the forum state by establishing minimum contacts with the forum state; and (b) the exercise of personal jurisdiction over the defendant does not offend the traditional notions of "fair play and substantial justice." *InterMoor Inc.*, 435 F. Supp. 3d at 758 (Ellison, J.) (granting motion to dismiss for lack of personal jurisdiction because plaintiff failed to allege sufficient minimum contacts, and thus the court need not even reach the prong of fair play and substantial justice).

18. Plaintiff alleges that Seaford violated the TCPA through text messages that Plaintiff alleges Seaford caused to be sent. (*See generally* Compl.)

19. Specifically, Plaintiff alleges that Seaford "caused multiple text messages to be transmitted to Plaintiff's cellular telephone," in Texas in violation of the TCPA. (Compl. ¶¶ 9, 45–52.)

20. While Plaintiff alleges that she is a resident of the District, her allegations concerning Seaford's contacts to the forum are meritless and, therefore, cannot stand as a valid basis for personal jurisdiction.

21. Plaintiff alone "cannot be the only link between the defendant and the forum." *Associated Energy Grp., LLC v. Air Cargo German GMBH, et al.*, 24 F. Supp. 3d 602, 609 (S.D. Tex. 2014) (granting motion to dismiss for lack of personal jurisdiction). The defendant's conduct is required to establish a connection with the forum state sufficient to support the basis for specific jurisdiction. *Id.*

22. In *Cunningham v. CBC Conglomerate, LLC*, the Court dismissed certain defendants from a TCPA case for lack of personal jurisdiction because the plaintiff did not establish "how the individual defendants took action directed to the forum state." 359 F. Supp. 3d 471, 483 (E.D. Tex. 2019). "Establishing a defendant's minimum contacts with the forum state requires contacts that are more than random, fortuitous, or attenuated, or the unilateral activity of another party or third person." *Id.* at 479.

23. Similarly here, Plaintiff does not, because she cannot, adequately link Seaford to the text messages sent to Plaintiff. Seaford did not have any contacts with Plaintiff.

24. Seaford is a small bagel shop in New York that has no record of any communication with, or sale to, Plaintiff. (Scannello Decl. ¶¶ 8–10.)

25. The text messages set forth as the factual predicate for Plaintiff's claims were sent by "New York Bagel Kings, Inc." which is a separate entity from Seaford. (Compl. ¶ 9.) Seaford has no overlapping ownership with "New York Bagel Kings, Inc." and has not retained the services of "New York Bagel Kings, Inc." as a vendor. (Scannello Decl.¶ 11.) Seaford did not cause "New York Bagel Kings, Inc." to send any text message to Plaintiff. (*Id.* ¶ 12.)

26. The conduct alleged to have been undertaken by New York Bagel Kings, Inc. is not sufficient to state a claim against Seaford.

27. Plaintiff does not, because she cannot, set forth any allegation regarding any connection between Seaford and New York Bagel Kings, Inc. and/or the text messages allegedly sent to her by New York Bagel Kings, Inc.

28. Specific jurisdiction in the forum cannot be founded on the unilateral activity of another when there is no connection between the text messages alleged and Seaford.

29.     Plaintiff does not allege any nexus between the communications with Plaintiff and Seaford; thus, Plaintiff's Complaint fails to plead any facts that would support this Court exercising specific jurisdiction over Seaford.

30.     Plaintiff's causes of action do not arise from, nor are they directly related to, any contacts by Seaford with the State of Texas.

## VI.
## CONCLUSION

For the reasons set forth herein, defendant Seaford Bagels, Inc. respectfully requests that Plaintiff's Complaint be dismissed with prejudice, and any and all relief requested by Plaintiff against Seaford be denied for lack of personal jurisdiction consistent with Federal Rule of Civil Procedure 12(b)(2).

Respectfully submitted,

**FOX ROTHSCHILD LLP**

*/s/ K. Patrick Babb*
K. Patrick Babb
State Bar No. 24077060
Saint Ann Court
2501 N. Harwood, Suite 1800
Dallas, Texas 75201
972/991-0889
972/404-0516 Telecopier
pbabb@foxrothschild.com

Paul A. Rosenthal (*pro hac vice* forthcoming)
49 Market Street
Morristown, New Jersey 07960
973/992-4800
prosenthal@foxrothschild.com

*Attorneys for defendant, Seaford Bagels, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served on counsel of record for Plaintiff in accordance with the Federal Rules of Civil Procedure on July 31, 2023.

/s/ *K. Patrick Babb*
K. Patrick Babb

EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| SANDRA FLORES, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | NO. 4:23-cv-01858 |
| | § | |
| SEAFORD BAGELS, INC., | § | |
| | § | |
| Defendant. | § | |

## DECLARATION OF JOHN E. SCANNELLO

I, John E. Scannello, declare and state as follows:

1. I am over the age of 18, and I make this Declaration based upon my personal knowledge and information that is available to me in the course of my employment.

2. I am the owner and CEO of Seaford Bagels, Inc. ("Seaford") and I have held that position since the corporation's inception on March 2, 1993.

3. Seaford is, and always has been, a New York corporation.

4. Seaford's principal place of business is, and always has been, 3970 Merrick Road, Seaford, New York.

5. Seaford does not have any employees in the State of Texas. All Seaford's employees operate from its sole business location in Seaford, New York.

6. Seaford does not have an agent for service of process in Texas.

7. Seaford does not derive any substantial revenue or other benefits from goods used or consumed in Texas.

8. Seaford has no record of sending any text messages to Plaintiff Sandra Flores.

9. Seaford has never caused any text messages to be sent to Plaintiff Sandra Flores.

10. Seaford does not have any records of any communications, sale, or transaction between Seaford and Plaintiff Sandra Flores.

11. Seaford has no overlapping ownership with New York Bagel Kings, Inc. and has not retained the services of New York Bagel Kings, Inc. as a vendor of Seaford.

12. Seaford did not cause New York Bagel Kings, Inc. to send any text message to Plaintiff.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: July 28, 2023
In Seaford, New York

John E. Scannello